IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT RAMOS, DIEGO RAMOS, AND MONTSERRAT RAMOS, INDIVIDUALLY AND AS WRONGFUL DEATH BENEFICIARIES OF BARDOMIANO RAMOS CUERVO, *Plaintiffs* | § § § § § § § | |
| vs. | § § § § | CIVIL ACTION   NO. 5:24-CV-991 |
| MAGNUM MANAGEMENT CORPORATION D/B/A SCHLITTERBAHN WATERPARK AND RESORT AND MILLENNIUM OPERATIONS LLC D/B/A SCHLITTERBAHN NEW BRAUNFELS, *Defendants* | § § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ALBERT RAMOS, DIEGO RAMOS, and MONTSERRAT RAMOS individually as wrongful death beneficiaries of BARDOMIANO RAMOS CUERVO, deceased (hereinafter referred to as "Plaintiffs"), complaining of and about MAGNUM MANAGEMENT CORPORATION D/B/A SCHLITTERBAHN WATERPARK AND RESPORT and MILLENNIUM OPERATIONS, LLC D/B/A SCHLITTERBAHN NEW BRAUNFELS (hereinafter referred to as "Defendants" and for cause of action shows unto the Court the following:

**I. PARTIES**

1. Plaintiff ALBERT RAMOS is an Individual and a resident of the State of Texas. Plaintiff is a surviving child of Bardomiano Ramos Cuervo.

2. Plaintiff DIEGO RAMOS is an Individual who is a resident of the State of Texas. Plaintiff

Plaintiffs' Original Complaint - Page 1

       is a surviving child of Bardomiano Ramos Cuervo.

3. Plaintiff MONTSERRAT RAMOS is an individual who is a resident of the State of Texas. Plaintiff is a surviving child of Bardomiano Ramos Cuervo.

4. Defendant, MAGNUM MANAGEMENT CORPORATION D/B/A SCHLITTERBAHN WATERPARK AND RESORT, is a foreign corporation doing business in the State of Texas with its principal operation in Comal County, Texas. Defendant may be served with process via certified mail through the registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant, MILLENNIUM OPERATIONS, LLC D/B/A SCHLITTERBAHN NEW BRAUNFELS, is a foreign corporation doing business in the State of Texas with its principal operation in Comal County, Texas. Defendant may be served with process via certified mail through the registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. 28 U.S.C. § 1332.

7. Venue is proper in the Western District of Texas, San Antonio Division, because a substantial part of the events and omissions giving rise to the claim occurred in New Braunfels, Comal County, Texas. See 28 U.S.C. § 1391(b)(2).

## III. FACTS

8. On or about July 5, 2023, BARDOMIANO RAMOS CUERVO was relacing a kneeling

valve on a bus as instructed by his employer, Defendants.

9. While working underneath the bus, the air suspension system activated unexpectedly causing the bus to lower and crush BARDOMIANO RAMOS CUERVO.

10. BARDOMIANO RAMOS CUERVO suffered serious and catastrophic injuries that ultimately resulted in his death. Prior to his death, BARDOMIANO RAMOS CUERVO experienced extreme physical pain and mental anguish.

## IV. CAUSES OF ACTION

### NEGLIGENCE OF DEFENDANTS

11. Plaintiffs hereby incorporate paragraphs 10-12 as if fully set forth herein.

12. Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances like those described herein.

13. The Plaintiffs' damages were proximately caused by the Defendants' breach and negligent disregard of said duty.  The breach and negligent disregard of the duty consisted of, but is not limited to the following acts and omissions:

   A. Improperly maintaining its equipment;

   B. Improper safety training;

   C. Failing to ensure that operators of its equipment were properly certified to operate said equipment;

   D. Failing to adequately train BARDOMIANO RAMOS CUERVO;

   E. Failing to adequately warn BARDOMIANO RAMOS CUERVO of know risks and hazards;

   F. Failing to maintain a safe work environment;

   G. Failing to properly supervise;

    H.    Failing to furnish BARDOMIANO RAMOS CUERVO a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm to him;

    I.    Failing to warn BARDOMIANO RAMOS CUERVO of an unreasonably dangerous condition;

    J.    Failing to eliminate known hazards;

    K.    Failing to develop procedures for the control of potentially hazardous energy when employees were engaged in servicing and maintaining its vehicles;

    L.    Failing to provide training to BARDOMIANO RAMOS CUERVO and its other employees to ensure that the purpose and function of the energy control program was understood by its employees and that the knowledge and skills required for the safe application, usage, and removal of the energy controls were acquired by employees;

    M.    failing to provide the appropriate safety equipment, such as locks, tags, chains, wedges, key blocks, adapter pins, self-locking fasteners, etc. so as to protect its employees, including BARDOMIANO RAMOS CUERVO from injury and/or death; and

    N.    failing to implement procedures that would insure that its policies and procedures were regularly updated and reviewed so as to ensure that their employees were provided with a safe work environment.

14.    Each of the foregoing acts and omissions, whether taken singularly or in combination, constituted a breach of the Defendants' duty and was a proximate cause of the collision made the basis of this cause of action and the death of BARDOMIANO RAMOS CUERVO.

15. Defendants knew that its conduct would naturally and probably result in injury or damage. Nevertheless, Defendants continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Thus, Defendants are liable for punitive damages.

## GROSS NEGLIGENCE OF DEFENDANTS

16. Plaintiffs further allege that the conduct of Defendants constitute gross negligence, as that term is defined by Texas law.

17. When viewed objectively from the standpoint of Defendants and its vice-principals, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants had an actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety, and wellness of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

## WRONGFUL DEATH CLAIM

18. Plaintiffs are the statutory wrongful death beneficiaries of BARDOMIANO RAMOS CUERVO.

19. Defendants' negligent acts and omissions complained of herein caused the death of BARDOMIANO RAMOS CUERVO. Had BARDOMIANO RAMOS CUERVO lived, he would have been entitled to bring a cause of action against Defendants for negligence and gross negligence. Plaintiffs have suffered injury as a result of BARDOMIANO RAMOS CUERVO's death.

## V. DAMAGES

### WRONGFUL DEATH

20. Plaintiffs bring this action for all benefits and damages due pursuant to the Wrongful Death Act contained in Sections 71.001 through 71.011 of the Texas Civil Practice and Remedies Code. Plaintiffs also bring this action as heirs of the Estate of Bardomiano Ramos Cuervo, deceased, pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, along with all other damages they may claim under common law.

21. As a direct, proximate, and foreseeable result of the above referenced acts and/or omissions of Defendants, taken singularly or in conjunction with each other, ALBERT RAMOS, DIEGO RAMOS, and MONTSERRAT RAMOS, surviving children of BARDOMIANO RAMOS CUERVO, have suffered substantial damages for which they seek recovery from Defendants pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code, including:

    A. Past and future pecuniary loss;

    B. Past and future love, affection, solace, comfort, companionship, society, emotional support, and happiness by virtue of the destruction of the parent-child relationship; and

    C. Past and future mental anguish, grief, and sorrow.

### SURVIVAL ACTION

22. As a direct and proximate result of Defendants' negligent acts complained of herein, BARDOMIANO RAMOS CUERVO received injuries which caused his death shortly following the accident. During the last moments of his life, BARDOMIANO RAMOS CUERVO suffered extreme physical pain, suffering, and mental anguish for which

Plaintiffs on behalf of the Estate of Bardomiano Ramos Cuervo now bring suit.

## VI. TO THE COURT ONLY

23. Despite numerous requests, Plaintiffs have not been able to determine if the employer Defendant was in fact a "subscriber" to workers' compensation insurance coverage applicable to this claim. In the event Defendants were a "subscriber" to workers' compensation insurance coverage in accordance with the Texas Labor Code, and maintained workers' compensation coverage applicable to the Decedent, BARDOMIANO RAMOS CUERVO, Plaintiffs bring this suit as allowed by the Texas Workers' Compensation Act. Although this is an action for exemplary/punitive damages, it may be necessary for Plaintiffs to submit evidence of the actual damages to the jury, and obtain findings from the jury regarding actual damages, in order to aid the Court's application of exemplary/punitive damages cap.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a final hearing of this action, judgment will be entered for the Plaintiffs and against Defendants, jointly and severally, for damages in an amount exceeding the jurisdictional minimum of the Court, together with punitive damages, pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiffs may find themselves entitled to at law or in equity.

Respectfully submitted,

THE BETTERSWORTH LAW FIRM
110 West Faust
New Braunfels, Texas 78130
Tel. (830) 606-0404
Fax. (830) 626-1414

By: _____/s/ *James S. Bettersworth*_____
JAMES S. BETTERSWORTH
Texas Bar No. 24005342
james@bettersworthlaw.com

**COUNSEL FOR PLAINTIFFS,
ALBERT RAMOS, DIEGO RAMOS, AND
MONTSERRAT RAMOS**

PLAINTIFFS DEMAND TRIAL BY JURY